ERIC HEDSTROM ET AL. v. SOLOMON O. KINGSBURY, GAIUS P. KINGSBURY AND MALINDA KINGSBURY.

*Credit given after transfer of property was recorded.*

The rights of a grantee cannot be prejudiced by representations made by the grantor or third parties, to which the grantee was not privy.

The record of a deed is notice to all who deal with the grantor that in giving him credit they must not look to the property conveyed to satisfy the debt.

Credit was given a firm in reliance on representations as to the wealth of one of the partners, part of whose property had, however, been transferred to his wife by a deed that was placed on record before the credit was given. *Held* that a bill in aid of execution to set aside the deed as a fraudulent transfer would not lie, at least as against the wife, who neither made nor was privy to the representations, and was not alleged to have done or omitted any act so as to mislead complainant.

Appeal from Kent. Submitted April 11. Decided April 24.

BILL to set aside deeds.    Complainants appeal.

*Taggart & Wolcott* for complainants.    An insolvent's deed is void as against existing creditors, and as against subsequent creditors whose means are used to pay off existing debts, and who are therefore subrogated to the rights of those whose debts have been so paid, *Thomson v. Dougherty,* 12 S. & R., 448; *Beach v. White,* Walk. Ch., 499; *Tripp v. Vincent,* 3 Barb. Ch., 613; *Mead v. Gregg,* 12 Barb., 653; *Mills v. Morris,* Hoffman's Ch., 419; *Brown v. McDonald,* 1 Hill's Ch. (S. C.), 299; *Savage v. Murphy,* 34 N. Y., 508; *Huggins v. Perrine,* 30 Ala., 396; *Redfield v. Buck,* 35 Conn., 328; *Horn v. Volcano Co.,* 13 Cal., 62; *Pawley v. Vogel,* 42 Mo., 291; concealed transfers of real estate are invalid as against those who have given credit to the grantors meanwhile, *Hildreth v. Sands,* 2 Johns. Ch., 35; *Snyder v. Christ,* 39 Penn. St., 503; *Mixell v. Lutz,* 34 Ill., 382; *Case v. Phelps,* 39 N. Y., 164; *Pell v. Tredwell,* 5 Wend., 661; *Ayer v. Bartley,* 6 Pick., 71; *Lyman v. Cessford,* 15 Iowa, 229; *Herschfeldt v. George,* 6 Mich., 456; *Mackey v. Douglass,* 3 Eng., 659.

*Blair, Kingsley & Kleinhans* for defendant Malinda Kingsbury.

MARSTON, J.   The bill of complaint was filed in this case in aid of an execution levied upon certain lands. As against defendant Gaius P., relief was granted, and as against Malinda denied, and from the decree complainants appealed.

The bill avers that in August, 1875, Mr. Bennett, one of the firm of Kingsbury & Bennett, represented to complainants that Solomon O. Kingsbury, one of the members of said firm, was worth about the sum of seventy-five thousand dollars in real estate; that he was authorized by Kingsbury to make this statement; that including the property conveyed to Gaius P. and Malinda he did have real estate of the value stated; that relying upon

such statements complainants in the fall of 1875 and winter of '75-6 sold said firm coal on credit to an amount stated, and the indebtedness therefor not being paid, suit was brought and judgment recovered in October, 1876, upon which execution was issued, etc. The bill farther alleges that Solomon O. Kingsbury has conveyed certain property, being the homestead valued at $10,000, to his wife Malinda Kingsbury; that at the time of such conveyance, February 11th, 1875, he "was insolvent, and that such conveyance was made with the intention not only to defraud the creditors of said Kingsbury, then holding claims against him, but also to defraud other parties who should deal and do business with said Kingsbury or said firm of K. & B., and become creditors of such firm by reason of the apparent wealth of said Kingsbury and the representations made as to his wealth and responsibility." The evidence shows that this deed was duly recorded July 14th, 1875, which was previous to the date of the representations made to complainants upon which they rely, and previous to any sales made by them to the firm of Kingsbury and Bennett.

Had complainants exercised usual care and caution they would have had full knowledge of this conveyance, and that the property described therein constituted no part of the wealth or assets of Solomon O. Kingsbury or of the firm of which he was a member. They had no right to rely upon representations made contrary to what the public records would show to be the fact, and afterwards base a legal or equitable right to relief thereon, to have such conveyance set aside. In proceedings against the person making the representation such record might be no answer, but in this case it is not claimed that Malinda Kingsbury made, authorized or knew that any such representations were made or to be made, or that she did, or omitted to do, any act which tended in any way to mislead any person. When she placed her deed upon record it thereafter stood as notice to all persons that she claimed to own the premises described therein, and her

rights could not thereafter be prejudiced by representations made by her grantor or third parties to which she was in no way privy.

In the absence of a system of registry laws such as here prevails, and where the *indicia* of ownership were permitted to remain in the person who made the representations and obtained credit thereon, the reasons for a different conclusion would be apparent, so that the authorities applicable thereto need not be examined.

Here, when the deed was recorded, the transaction became open, and all dealing with the grantor were thereby warned of the change in his condition and could not have given him credit upon the reliance that he or they could resort to this property. *Sayers v. Wall,* 21 Amer., 303.

The decree must be affirmed with costs.

The other Justices concurred.