JOHN W. BRIGHAM, EDWARD B. BOWEN AND JOHN W. BRIGHAM, JR., v. ROBERT FAWCETT AND MARY FAWCETT.

*Defendant as plaintiff's witness—Debt to wife may be preferred—Waiver of limitation law.*

Complainants must accept the statements of the defendants when they make them their witnesses and rest the case on their evidence.

Where a husband is honestly indebted to his wife, he may satisfy her claim in preference to those of other creditors, by transferring the homestead to her, if its value does not exceed the amount exempt from execution and the debt taken together.

A debtor may waive the statute of limitations as to a particular creditor, and other creditors cannot complain.

Appeal from Superior Court of Detroit.    Submitted January 13.    Decided January 23.

BILL TO SET ASIDE a deed.    Complainants appeal.

*George W. Bates* for complainants. An outlawed debt is not a valuable consideration as against other debts, *A'Court v. Cross,* 3 Bing., 329: 11 E. C. L., 126; *Butcher v. Hixton,* 4 Leigh, 519; *Sutton v. Burruss,* 9 Leigh, 381; *Brown v. Joyner,* 1 Rich., 210; *Crawford v. Carper,* 4 W. Va., 56; 1 Pars. Cont., 434; where a wife has acquiesced for a long period in her husband's use of her own estate as if it were his, it does not constitute a debt to her as against the rights of antecedent creditors, *Fox v. Moyer,* 54 N. Y., 125; *Savage v. Murphy,* 34 N. Y., 508; *Babcock v. Eckler,* 24 N. Y., 623; *Robinson v. Stewart,* 10 N. Y., 190; *Humes v. Scruggs,* 94 U. S., 22.

*Jas. A. Randall, George Gartner* and *Edwin F. Conely* for defendant Mary Fawcett.

GRAVES, J. In 1877 the complainants credited the defendant Robert Fawcett with a bill of goods amounting to about $300. At that time and up to March 6, 1878, he owned and occupied as a homestead a portion of a city lot in Detroit. At the date last named he quit-claimed the premises to his wife, the defendant Mary, but the occupation as a homestead has continued without interruption. The debt to complainants remaining unpaid, they sued the defendant Robert, in December, 1878, to collect it, and in the succeeding January obtained judgment. The damages were $323.20, and costs $22.35. Execution was taken out immediately, and levied on the premises in question. Subsequently the complainants filed this bill in aid of the execution and required the defendants to answer on oath. The defendant Mary accordingly put in her sworn answer, but no answer being received or insisted on from the defendant Robert, the bill was taken as confessed by him. The case being brought to hearing on the pleadings and the evidence taken, the court dismissed the bill and the complainants appealed.

The essence of complainants' case is that the convey-

ance from defendant Robert to his wife was made with intent to defraud them.

The answer denies this, and alleges *first*, that the deed was given for a debt which her husband owed her; and *second*, that the premises were at the time a homestead and not liable for complainants' debt.

The defense offered no testimony, and all given by complainants, except some few items, was drawn from the defendants, who were made witnesses to support the bill. The case depends upon their evidence, and the complainants must accept their statements. *Darling v. Hurst*, 39 Mich., 765; *Powden v. Johnson et al.*, Cir. Ct. U. S. Dist. N. J., 1878, 7 Rep., 294.

They state positively that there was no intent to defraud complainants or hinder them in the collection of their demand; and moreover that the conveyance was made in consideration of an actual money indebtedness of the husband to the wife of more than $1700.

The sources from whence Mrs. Fawcett derived the money and the items of the debt are fairly explained, and we are satisfied of their justice. Five hundred dollars of the amount, if not more, was applied directly in putting up the dwelling, and as much more was passed to her husband at or about the time of the conveyance. The only amount repaid is about $15 for interest.

The homestead right in the premises was not exposed to creditors, and according to the highest estimate the excess of value over the exempt interest did not exceed $750. This valuation is probably too high. But whether so or not, it was certainly lawful for the husband to transfer whatever there was over and above the exempt interest to his wife in payment of his honest indebtededness to her, and the amount of that indebtedness was many hundred dollars beyond the amount of interest left after deducting the homestead.

It does not lie with complainants to contend that part of Mrs. Fawcett's demands against her husband were outlawed, and hence incapable of serving as a con-

sideration for the conveyance. Whether the benefit of the statute should be asserted against her was something to be determined by her debtor,—her husband,—and not by his other creditors, the complainants. Being honestly indebted to his wife, the law did not disable him from waiving the privilege given by the statute, or require him to repudiate his obligation.

The defendant Robert, during his examination, spoke of the deed to his wife as "security." But it is reasonably certain that by this mode of expression he did not mean that the transaction was a mere mortgage. The grant was absolute, and the circumstances imply that it was intended to be an actual conveyance; and that such was his meaning may be inferred from his more precise statement that he gave the deed to his wife "to entitle her to the property."

It does not appear necessary to consume time in noticing other features of the case, because we think they are obviously governed by previous decisions. *Roberts v. Miles*, 12 Mich., 297; *Hill v. Bowman*, 35 Mich., 191; *Allen v. Antisdale*, 38 Mich., 229; *Darling v. Hurst*, 39 Mich., 765.

The decree should be affirmed with costs.

The other Justices concurred.