91 475
114 400

91 475
118 154

## FERDINAND STRAUSS AND FELIX W. STRAUSS v. LEROY L. PARSHALL AND ELIZABETH A. PARSHALL.

*Fraudulent conveyances—Husband and wife.*

1. The desire of a wife to secure a *bona fide* debt due her from her husband is entirely justifiable, and a conveyance to her from him made for that purpose will not be disturbed, in the absence of an intent on her part to assist him in defrauding his creditors, unless the consideration paid is so out of proportion to the value of the property as to render the conveyance a fraud in law.

2. The record of such a conveyance is notice to those who afterwards give credit to the husband that the property conveyed does not constitute a part of his assets; and, while such record is no defense to the husband for false representations made by him, it is for the wife, in the absence of any act or statement on her part to mislead the creditor.

Appeal from Branch. (Loveridge, J.) Argued April 19, 1892. Decided May 6, 1892.

Bill in aid of execution. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*John S. Evans,* for complainants.

*A. T. Lanphere,* for defendants.

GRANT, J. Complainants recovered a judgment against defendant Leroy L. Parshall, June 22, 1889, for the sum of $349.10. Execution was issued, and returned unsatisfied for want of goods or chattels, lands or tenements, on which to levy.

Complainants, on August 4, 1890, filed a bill in this cause to set aside a deed and bill of sale executed August 1, 1888, by defendant Leroy to his wife, Elizabeth, alleging that these conveyances were made in fraud of

his creditors. The cause was heard upon proofs taken in open court, and decree entered dismissing the bill.

The judge filed a written finding, holding that defendant Elizabeth did not take the conveyances with a fraudulent intent of aiding her husband in defrauding his creditors; that he was then owing his wife a *bona fide* debt; that he had the right to prefer his wife; and that, after deducting from the fair valuation of the real estate the incumbrances and homestead exemption, and taking into account the personal property, the consideration moving from the wife was not so inadequate as to justify setting aside the conveyances in whole or in part, and directing a satisfaction of the execution out of the property conveyed.

Defendant Parshall was a saloon-keeper, and at the time of the conveyances had become sadly addicted to the use of intoxicating liquors, and was fast becoming an habitual drunkard, if, indeed, he had not already become one. The desire of his wife to protect herself from want, and to secure the money she had let him have, was entirely justifiable, and will not be disturbed, in the absence of an intent upon her part to assist him in defrauding his creditors, unless the consideration paid was so out of proportion to the value of the property as to render the conveyances a fraud in law. While the testimony is not so satisfactory on her part as to the amount of money advanced to her husband as it might be, still it must. be remembered that she was not accustomed to business, and kept no books of account. The learned circuit judge heard the testimony, saw the witnesses upon the stand, and was therefore better able than are we to judge of the credibility of the witnesses. The question was purely one of fact, and, under the record, we cannot feel justified in reversing his decision.

At the time of the conveyances Parshall was indebted to complainants in the sum of $62.85 for goods purchased May 28, 1888. This bill was paid September 5, 1888. Subsequently Parshall purchased of the complainants three bills of goods, as follows: August 11, 1888, $221.05; October 5, 1888, $162.15; November 19, 1888, $546.09. The bill of August 11 was paid November 13, 1888, at the time it became due. The bill of October 5 was paid December 12 and January 15 following; $225 was also paid upon the last bill in February, March, and April following. The deed to Elizabeth was immediately recorded, and the bill of sale filed in the office of the township clerk. The debt for which complainants now claim was contracted after the record of these conveyances. Their record was a notice to those who afterwards trusted him that the property conveyed did not constitute a part of his assets. The exercise of usual care and caution on the part of complainants would have informed them of these conveyances, and put them on their guard. While this record would have constituted no defense to Parshall himself for false representations made by him, it does constitute a defense to Mrs. Parshall, who neither did nor said anything to mislead complainants. *Hedstrom v. Kingsbury*, 40 Mich. 636.

There is nothing in this record to indicate that Mrs. Parshall took these conveyances with intent to defraud, and there was a *bona fide* consideration for them. Under these circumstances, the rule in this State is well settled that such conveyances are valid. *Allen v. Antisdale*, 38 Mich. 229; *Buhl v. Peck*, 70 Id. 44; *Hill v. Bowman*, 35 Id. 191; *Wooden v. Wooden*, 72 Id. 347.

The decree is affirmed, with costs.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. McGRATH, J., took no part in the decision.