COLE *v.* COLE.

126　569
s85ᴺW1098
130　²575

1. HUSBAND AND WIFE—HOMESTEAD—ESTATES OF ENTIRETY.
   A homestead may be claimed in lands held by husband and wife as tenants by the entirety.

2. SAME—FRAUDULENT CONVEYANCES—CONSIDERATION.
   A conveyance by a husband to his wife, having been made in payment of money borrowed by him from her, which he had expressly promised to repay, was sustained as against his creditors.

Appeal from Oakland; Smith, J. Submitted April 4, 1901. Decided May 7, 1901.

Bill by Ransom Cole against Ransom W. Cole, Benjamin F. Sheldon, and Hattie E. Sheldon in aid of execution. From a decree dismissing the bill, complainant appeals. Affirmed.

*George O. Kinsman*, for complainant.

*John H. Patterson*, for defendants.

LONG, J. On February 25, 1897, the complainant recovered judgment against Ransom W. Cole and Benjamin F. Sheldon in justice's court, on a promissory note, for the sum of $113.80. On November 16, 1898, a transcript of the judgment was filed in the circuit court, and execution was issued out of said court November 17th, and placed in the hands of the sheriff, who levied the same on the 19th of that month on the E. ½ of the S. E. ¼ of section 4 of township 4 N., of range 10 E., Oakland county.

Defendant Benjamin F. Sheldon, at the time the note was given, was the owner of an undivided one-fourth interest in certain lands, which he had inherited from his father, who had lately deceased. He, as well as defend-

ant Ransom W. Cole, had certain personal property, which they disposed of about the time the note became due, and were indebted, not only on this note and judgment, but were owing other parties $500 and upwards. About the time the judgment was rendered on the note, the defendant Benjamin F. Sheldon deeded the land in controversy, which came from his father's estate, to his wife, Hattie E. Sheldon. After this deed was given, all the estate of the father was sold to one Lucian B. Kelley to satisfy claims against the estate allowed in favor of defendant's mother, who thereafter deceased, and an administrator of her estate was appointed. Mr. Kelley thereafter, in order to make a partition of the mother's estate, deeded the lands so purchased by him to her heirs, and the land above described was deeded by him to Benjamin F. Sheldon and his wife, Hattie E. Sheldon, as tenants by the entirety. They moved onto the premises November 18, 1897, and occupied it as a homestead. The execution on the transcript was levied on this land a little over a year after they moved onto it. This bill is filed in aid of that execution. It appears that, at the time the deed was made by Kelley in order to settle the mother's estate, each of her heirs was entitled to about $800 of it. The lands deeded were subject to a mortgage of $700.

It is the claim of complainant:

1. That the deed was made to Hattie E. Sheldon from her husband for the purpose of covering up the interest the husband had in the estate of his father, and placing it beyond the reach of creditors.

2. That the conveyance was without consideration.

3. That the conveyance from Mr. Kelley to the husband and wife by the entirety was for the purpose of placing the property beyond the reach of creditors.

4. That the property is worth an amount over the mortgage and homestead interest sufficient to pay this judgment.

It is admitted, and, if it were not, it is shown, that the parties have a homestead interest in the land. It is settled in this State that parties may have a homestead inter-

est in lands held by the entirety. *Lozo* v. *Sutherland,* 38
Mich. 168.

It is the claim of the defendants:

1. That Benjamin F. Sheldon had no notice that the
note was not paid at the time of the deed made to his wife,
in December, 1896.

2. That the deed was so made by him for the purpose
of paying his wife a valid, existing debt due from him to
her for moneys borrowed by him from her which he had
agreed to repay, and, further, for the purpose of securing
to her a homestead.

3. That the subsequent taking of the joint deed in fur-
therance of such purpose, and for the purpose of procuring
a home for her, and her husband in case of her death,
done at her request, does not change the character of the
transaction.

4. That the entire 80 acres of land does not exceed in
value $1,700 or $1,800, and is incumbered by a mortgage
of $700.

It appears that the buildings are on the north 40 acres,
which is claimed as the homestead. The testimony shows
clearly that this north 40 is only of the value of from
$1,200 to $1,300; and it is therefore apparent that this 40
acres need not be taken into further consideration. The
mortgage covers the entire 80 acres.

The only question that need be considered is whether
the defendant Hattie E. Sheldon is entitled to hold the
remaining 40 acres under her deed from her husband
made in 1896. The proofs show that this 40 acres is of
the value of about $500. The court below found that
there was no intent on the part of Sheldon and his wife to
defraud creditors. It was shown that the note was past
due at the time the deed was made by Sheldon to his
wife, and he testified that he supposed it had been paid by
Cole. The court below found that the value of both 40's
together was not greatly in excess of the homestead
exemption added to the $700 mortgage. The testimony
introduced by defendants tended to show—and the court
so found—that Mrs. Sheldon loaned her husband the sum
of $325, which he agreed to pay back; that this money so

loaned to the husband was derived by the wife, as she claims, by the raising of poultry, together with $25 she received from her grandmother's estate. She claims that this money was paid to her, and she loaned it to her husband upon his express promise to repay it. She testified: "It was money I had from raising poultry. I conducted the business myself, and the arrangement was that I should have the entire proceeds." The husband corroborated this testimony. It is satisfactorily shown that there existed an honest debt between the husband and wife, and the transfer was made not only to secure a homestead to the family, but to pay that debt. The case falls squarely within the rule in *Brigham* v. *Fawcett*, 42 Mich. 542 ( 4 N. W. 272 ); *Hicks* v. *McLachlan*, 94 Mich. 278 ( 53 N. W. 1107 ).

The decree below must be affirmed, with costs.

The other Justices concurred.