RATHBONE v. MALTZ.

1. WITNESSES—HUSBAND AND WIFE — COMPETENCY — EVIDENCE — DEPOSITIONS.

   Neither a husband nor a wife can be a witness against the other without the other's consent; and where, on a judgment creditor's bill against the judgment debtor and his wife to reach the proceeds of real estate conveyed by the debtor to a third person, and by the latter's executors to the wife and since sold by her, a deposition of the debtor taken under chapter 299, 3 Comp. Laws, before the filing of the bill and after the return of execution unsatisfied, is inadmissible as against the wife without her consent.

2. EVIDENCE—BOOKS OF ACCOUNT—ADMISSIBILITY.

   Books of account kept by the executors and trustees of a third person, to whom a judgment debtor had deeded certain property, and by the executors deeded to the debtor's wife, who later sold it, are not competent evidence against the wife on a judgment creditor's bill to reach the proceeds of said property,

where she had nothing to do with the making of the account and no knowledge that it was made.

3. MORTGAGES — DEED AS MORTGAGE — EVIDENCE — FRAUDULENT CONVEYANCES.

Where the amount of the debts exceed the value of the land conveyed by a debtor to a creditor, the proofs must be clear and convincing that will change a deed into a mortgage. The proofs in this case *held* insufficient for that purpose; also insufficient to sustain a charge of fraud.

4. SAME — JUDGMENT CREDITOR'S BILL — RECEIVERS — CONDITION PRECEDENT.

Where it appears that, prior to the conveyance complained of, the judgment debtor had given a note on which the grantee in the deed was liable as indorser, and his executors had been subsequently obliged to pay it, complainant must, as a condition precedent to the relief asked for, tender or offer to pay the amount of said note.

Appeal from Wayne; Donovan, J.    Submitted October 14, 1908.    (Docket No. 55.)    Decided January 4, 1909.

Judgment creditor's bill by Charles A. Rathbone against Elvira E. Maltz, impleaded with George L. Maltz.    From a decree dismissing the bill, complainant appeals.    Affirmed.

*Bernard B. Selling*, for complainant.

*Graves, Hatch & Wasey*, for defendants.

The bill in this case was filed as a judgment creditor's bill to reach proceeds of real estate, claimed to have formerly belonged to George L. Maltz; to have been deeded by him to his son-in-law, Albert Pack, and by Mr. Pack's executors after his death to Mrs. Maltz, and by her sold and the proceeds invested in certain industrial stocks and bonds.    The pleadings are very voluminous, covering 34 pages of the record.    Summed up as briefly as possible, and stating all that is perhaps essential, the bill alleges a judgment for $1,154.21, rendered against defendant George L. Maltz; the issuance of an execution thereon; its return unsatisfied; the insolvency of Mr. Maltz; his

ownership of the land situated in the village of Quincy; a deed of the same by Mr. Maltz and his wife on July 20, 1897, to Mr. Pack to secure a loan made by Pack to Maltz of $6,000; upon information and belief its payment by Maltz to Pack; that said deed was security merely; that the deed from Pack's executors to Mrs. Maltz was without consideration and void as to creditors; that the amounts received by Mrs. Maltz upon the sale of said land were invested by her in the stock and bonds of the National Bolt & Nut Company and the International Clark Wireless Telegraph Company, and prayed that a decree be entered to subject said stock and bonds to the payment of the complainant's judgment. The bill also prays for a discovery and other relief unnecessary to mention. The answer denies all the material allegations of the bill, but admits the deed of real estate to her, the sale thereof by her, and the investment of the proceeds of the sale in the stocks and bonds in the above-named companies. The case was heard upon pleadings and proofs taken in open court, and the bill dismissed.

GRANT, J. (*after stating the facts*). 1. The judgment, the basis of this suit, was rendered March 27, 1905. On August 8, 1907, after execution returned unsatisfied, Mr. Maltz was examined before a circuit court commissioner under the statute (sections 10837–10851, chap. 299, 3 Comp. Laws) in regard to his financial dealings with Mr. Pack, and the deed of this land by himself and his wife to Mr. Pack, and the other transactions growing out of it, and referred to in the above statement of facts. It was after that deposition was taken that this suit in equity was commenced. That deposition was introduced in evidence upon the hearing, under objection and exception. The testimony was so clearly incompetent that it should not have been offered or received in evidence, even in a chancery case. Neither a husband nor wife can be a witness against the other without the other's consent. *Riggs*

v. *Whitaker*, 130 Mich. 327. Mr. Maltz's testimony cannot therefore be considered.

2. The books of account kept by the executors and trustees after Mr. Pack's death were not competent evidence against the defendant Mrs. Maltz. She had nothing to do with making them, and did not know that they were made. Whatever reason there was for entering upon their books any of the receipts from the Quincy store prior to the deed by the executors and trustees to Mrs. Maltz, or what purpose they had in so entering them, whether for convenience or otherwise, were not binding upon her, and can have no influence in determining whether the transfer of the land by her and her husband to Mr. Pack, and by Mr. Pack to her, were in fraud of creditors. This evidence must therefore be excluded. We may say here that we find no evidence upon this record of conspiracy on the part of Mr. Pack, Mr. Maltz and his wife, or the executors to defraud Mr. Maltz's creditors. Whether the books kept by Mr. Pack in his lifetime, showing, in the account with Mr. Maltz, credits from the rent of the Quincy property, were competent, we find it unnecessary to determine. Counsel for complainant seek to defend their competency upon the ground that they are admissions made by a holder of the legal title to land in disparagement of his title.

3. Complainant's bill and his right of recovery are based upon the allegation that Mr. Pack had loaned Mr. Maltz the specific sum of $6,000, for which Maltz and his wife deeded to him the land now in controversy as security for that specific debt. The evidence fails utterly to sustain any such claim. If this deed was made as security for any, it was as security for all debts which Maltz might have owed Mr. Pack. It is established that Mr. Pack loaned Mr. Maltz various sums of money, and indorsed various notes for him. It is shown by the evidence that on May 11, 1899, Maltz owed Mr. Pack $16,092.40; that this was charged off upon the books to Mr. Pack's personal account, which the bookkeeper, a witness for the

complainant, testified was equivalent to charging it to profit and loss. At that time Mr. Maltz was hopelessly bankrupt. After Mr. Pack's death the estate was compelled to pay a note of $3,000 and interest for Mr. Maltz, on which Mr. Pack was indorser. If, therefore, the allegations of the bill should be held sufficient to justify a decree that this deed was a mortgage for whatever debts Mr. Maltz owed Mr. Pack, or for indorsements for Mr. Pack, it is evident from this record that such amounts are far in excess of the value of the property conveyed.

4. The question of fraud must be determined by the status of affairs at the time of the conveyance by the defendants, Maltz, to Mr. Pack. The value of the property deeded was not equal to the amount of the debts and obligations of Maltz to Pack. Under such circumstances, the proof must be clear that will change a deed into a mortgage. There is little, if anything, tending to establish this as a mortgage other than a few subsequent entries upon the books of Mr. Pack, in which he includes the rents of this property in the account with Mr. Maltz. This alone is not sufficient to change the character of the deed. Such entries, under the facts of this case, are entirely consistent with the idea that Mr. Pack desired to keep his dealings with this property entirely distinct, and whether he intended at some future time to reconvey this land to Mr. Maltz or to his wife is wholly immaterial. There is nothing in the record to show that he intended to do so. We are not unmindful of the fact that Mrs. Maltz and her daughter Mrs. Hubbard, formerly Mrs. Pack, in their testimony, and under leading questions, spoke of certain deeds made by Mr. Maltz for the benefit of creditors as securities. It is not unnatural that these women, unused to legal terms and the legal significance of words, should, under such circumstances, speak of these transactions as intended for the security of creditors. They are not, however, sufficient of themselves to change the language of written instruments. The record as a whole rebuts the idea that they were intended as mortgages. We

are therefore constrained to hold that the complainant has upon the facts failed to make out a case of fraud.

5. The note which the executors of Mr. Pack were compelled to pay after his death for Mr. Maltz antedated the deed of the Quincy land.   Even should it be held that prior transactions between Mr. Maltz and Mr. Pack were settled and paid, it is undeniable that this note was not included therein, and that there is now due upon it about $4,000. Complainant prays that these bonds and stock, the result of this alleged fraudulent transaction, be transferred to the receiver, prayed for, and to be appointed by the court, for the purpose of satisfying complainant's debt.   He does not tender or offer to pay the amount of this note, and until he has done so, he is not entitled to the relief asked.

The decree is affirmed, with costs.

BLAIR, C. J., and HOOKER, MOORE, and MCALVAY, JJ., concurred.