SMITH *v.* TOLMAN.

ROBSON *v.* TOLMAN.

CARL *v.* TOLMAN.

FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—DEBTOR AND
CREDITOR—BILL IN AID OF EXECUTION.
   As to judgment creditors of the husband, a conveyance of his
   real property to his wife to repay advances made to him by
   the wife from twenty-five to thirty years previously, under
   his agreement to return the sums on demand, was not fraud-
   ulent.[1]

Appeal from Clinton; Searl, J. Submitted April 17,
1911. (Docket No. 71.) Decided September 29, 1911.

Bills in aid of execution by Stephen S. Smith against
Myron Tolman and Rose Tolman, by Ray Robson against
the same, and by Roscoe J. Carl and Raymond J. Read,
executors of the estate of John Read, deceased, against
the same. The three suits were heard together. From a
decree dismissing complainants' bills, complainants appeal.
Affirmed.

*William M. Smith,* for appellants.

*Charles F. Hammond,* for appellees.

BROOKE, J. In the month of September, 1908, the
complainants in each of the foregoing causes recov-
ered separate judgments in varying amounts against
defendant Myron Tolman. Executions were issued in
each case and levies were made upon the W. ½ of the E. ½
of the N. E. ¼ of section 33, town 5 N., range 1 W., in

[1] Burden of proof of husband's debt to wife on account of prop-
erty received from her, see note in 56 L. R. A. 817.

Clinton county, Mich.   Separate bills of complaint were
filed in aid of execution, in each of which the court
was asked to cancel a warranty deed covering the above
described premises made by defendant Myron Tolman to
his wife and co-defendant, Rose M. Tolman, for an ex-
pressed consideration of $1,500 and bearing date Novem-
ber 3, 1906.   The three causes were consolidated and tried
as one.

It was averred in the bills of complaint that the deed in
question was a voluntary conveyance, without consider-
ation, made by the husband to the wife for the sole pur-
pose of preventing the creditors of Myron Tolman from
collecting their debts.   The defendants claimed that the
conveyance was made in good faith and for a valuable
consideration.   It was their contention that between the
years 1875 and 1881, inclusive, the wife had loaned to the
husband at different times sums of money aggregating
$1,200, and that the deed of the 40 acres in question was
made in satisfaction of said loans which the husband had
agreed to repay.   We think the record fairly establishes
the fact that the wife did hand to the husband sums of
money amounting to $1,200, of which $500 was advanced
in 1879, and $600 in 1881.   The defendant Myron Tolman
had purchased, in 1870, 80 acres of land across the road
from the 40 acres here in question for $3,000, taking the
title in his own name.   Upon this 80 acres there was a
mortgage for $560, and as further part of the purchase
price Tolman gave a second mortgage for $500.   This
second mortgage he refused to pay, and foreclosure pro-
ceedings were necessary.   In the meantime he had deeded
the 80 acres, without consideration, to his brother-in-law,
Adam C. Fuller.

In 1877 Fuller redeeded this property to Tolman and
wife jointly.   Tolman's liability under the second mort-
gage was established by a decision of this court.   See
*Richardson* v. *Tolman*, 44 Mich. 379 (6 N. W. 840).   In
October, 1887, Tolman purchased the 40 acres here in
question, taking title in his individual name, and so re-

taining it until the making of the conveyance to his wife in 1906. Both of the defendants testify that, at the time the money was given by Mrs. Tolman to her husband, there was a promise on his part to repay the same at some uncertain future time, and that the deed here in question was made in redemption of that promise.

Complainants advance the argument that the conveyance of the 80 acres to Tolman and his wife in 1877 should be considered as a sufficient, and probably the real, consideration to her for the money she advanced. The difficulty with this proposition is that, at the time the joint deed was made, Mrs. Tolman had advanced but $100 to her husband; $500 was advanced by her two years after that event, and $600 three years thereafter. Under these circumstances, we think it can scarcely be said that the joint deed was made in consideration of the advances.

There is no doubt that for many years Tolman represented himself as being the owner of the entire 120 acres of land, and that he was able to incur a very considerable indebtedness among his neighbors, who apparently relied upon the truth of his representations. The record, however, does not indicate that Mrs. Tolman was a party to these false statements. The circumstances surrounding the dealings between this husband and wife strongly indicate that the money of the wife was handed by her to her husband freely, and by him used with her consent as her contribution to their common property without any intention of creating an indebtedness. These circumstances, however, are flatly contradicted by the testimony of the defendants, which received credence at the hands of the learned circuit judge who saw the witnesses and heard them testify.

After a careful consideration of the entire record, we have concluded, though with hesitation, that the case falls within prior decisions of this court. *Hedstrom* v. *Kingsbury*, 40 Mich. 636; *Brigham* v. *Fawcett*, 42 Mich. 542 (4 N. W. 272); *Dull* v. *Merrill*, 69 Mich. 49 (36 N. W.

677); *Strauss* v. *Parshall,* 91 Mich. 475 (51 N. W. 1117); *Hicks* v. *McLachlan* 94 Mich. 278 (53 N. W. 1107); *Belding Sav. Bank* v. *Moore,* 118 Mich. 150 (76 N. W. 368); *Cole* v. *Cole,* 126 Mich. 569 (85 N. W. 1098). The judgment is affirmed.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.