FASSBENDER v. DONOHUE.

FRAUDULENT CONVEYANCES—MORTGAGES—DEED AS SECURITY.

In a suit in aid of execution to set aside a deed intended as a mortgage, conveying property from the debtor to his sister, evidence considered, and *held*, to support the finding of the circuit judge that the deed was executed by way of security and decreeing that it was a mortgage. Also, that the defendant advanced the sums of money secured by the deed, in good faith, without knowing about the pendency of an action against her brother, and that the grantee was in no way a party to the fraudulent intent on the part of the grantor.

Appeal from Marquette; Flanagan, J. Submitted November 4, 1914. (Docket No. 133.) Decided January 4, 1915.

Bill by Anthony Fassbender against Patrick M. Donohue and Hannah Gaboury for a decree in aid of execution. From a decree granting partial relief complainant and said defendant Gaboury appeal. Affirmed.

*W. S. Hill*, for complainant.

*M. J. Kennedy*, for defendant Gaboury.

KUHN, J. A cause of action accrued in favor of the complainant and against the defendant Patrick M. Donohue on June 21, 1911, and on the 3d day of June, 1912, a judgment for $274.75 was rendered in favor of the complainant and against the said Donohue, arising out of said cause of action. An execution was thereupon issued on said judgment, and the interest of said Donohue in the southwest quarter of the northwest quarter of section 2 and the southeast quarter of the northeast quarter of section 3 of town-

ship 46 north, of range 24 west, Marquette county, Mich., was levied upon on the 28th of June, 1912.

The bill in this cause was filed in aid of this execution and to set aside a deed of the lands above described executed by the defendant Donohue to his sister, the defendant and appellant Hannah Gaboury. This deed, in the body thereof, was dated May 6, 1911, acknowledged June 30, 1911, and filed for record on July 1, 1911, the consideration therein being expressed as $600; it being claimed that the land was actually worth about $1,500. It is the claim of the defendant Gaboury that she had loaned her brother and codefendant various sums of money at various times, amounting to $550, as found by the circuit judge, and that this deed was given to her in payment of these loans, and the instrument having been actually executed and delivered to her on the 6th day of May, 1911—prior to the time at which the right of action of the complainant had accrued—it conveyed the legal title to the said lands to her absolutely. Since the receipt of the deed she has disposed of certain timber on the land, for which she received the sum of $300.

The trial court found that the deed was not given as an absolute conveyance of the land, but was, in fact, a mortgage, upon which he found to be due at the time of the hearing the sum of $550, being the amount then due for principal and interest over and above the $300 received for timber; that the defendant, in addition to this amount, was entitled to recover $40 for taxes claimed to have been paid by her, and to recover costs which were to be added to her liens; and, further, that Mrs. Gaboury is to receive these amounts out of the sale of the land, and, if the land produces anything beyond these amounts, it is to be applied upon the execution. Both the complainant and the defendant Mrs. Gaboury have appealed from the decree.

A careful examination of this record is convincing that the trial judge was justified in finding that the "deed was executed by way of security and is a mortgage." Mrs. Gaboury testified with reference to her conception of the nature of the transaction as follows:

"Q. What did you understand you were to receive under the deed from your brother; were you taking a deed of the land, or taking a deed as security for the money?
"A. I was taking it as security for the money."

And when recalled by her counsel in an endeavor to correct the statement, she testified:

"Mr. Kennedy: I desire, for the purpose of the record, to state that the understanding was this case was to be reheard on any matters either party desired to offer testimony upon.
"The Court: I do not see the necessity of repeating what she swore to before. If there is anything new go on.
"Q. When you purchased this land from your brother, state whether or not there was any understanding about your deeding it back to him.
"A. No; there wasn't.
"Q. What amount of money did he owe you at that time?
"A. About $800.
"Q. State whether or not the deed was given you in payment of the indebtedness.
"A. Yes; it was.
"Q. When you testified before, the court asked you if this deed was given to you as security, and you answered, 'Yes.' Do you remember that testimony?
"A. Yes; I do.
"Q. Will you please state what you meant by that?
"A. Why, I took the land as security.
"Q. Go on and tell what your understanding was.
"A. He gave me a deed of the land as security for the money I gave him.
"Q. What do you understand by security?
"A. I took the land as security.

"*Q.* Did you understand that you were obliged to deed it back to him when you got your money?

"*A.* I did not.

"*Q.* Then, as a matter of fact, you were mistaken when you say you took the land as security; you mean—

"*Mr. Hill:* I object to that as leading.

"*Mr. Kennedy: Q.* You mean you took the deed because you couldn't get anything else out of it?

"*A.* Yes, sir.

"*Q.* State whether or not this deed was a mortgage.

"*A.* No; it was not."

It is true that the mere use by her of the word "security" with reference to the deed is not sufficient to change the language of the written instrument (*Brigham* v. *Fawcett*, 42 Mich. 542 [4 N. W. 272]; *Rathbone* v. *Maltz*, 155 Mich. 306 [118 N. W. 991]), but from this record as a whole the conclusion is irresistible that the instrument was given as security, and Donohue did not intend to convey all his interest in the property to his sister.

The proofs show beyond question that she had advanced these various sums of money to her brother, and, whatever his intention may have been in giving her the deed, it does not appear that Mrs. Gaboury knew anything about the possible liability of her brother in an action which was threatened, and was in no way a party to the fraud, assuming that her brother executed the instrument for the purpose of avoiding liability.

Being satisfied that the trial judge reached an equitable and proper conclusion in this case, the decree is affirmed, with costs to complainant.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.