COWAN *v.* ANDERSON.

1. ESTATES OF DECEDENTS—FRAUDULENT CONVEYANCES—QUITCLAIM DEEDS—EXECUTORS AND ADMINISTRATORS—SETTING ASIDE DEEDS.
    In a suit by an administrator in behalf of decedent's creditors to set aside conveyances of real property made by decedent by a quitclaim deed to a third party who subsequently conveyed by like deed to decedent's daughter, although it appeared that the conveyances were made, in the first instance, to avoid liability to one of the creditors of decedent, and where the holder of the title at the time of the commencement of suit obtained his interest through the daughter in good faith for a valuable consideration, and the original deed was made by decedent about seven years before his death, and where the conveyance was questioned by one of the creditors who levied execution upon the premises but later suffered his lien to be become barred by the statute of limitations, the trial court did not err upon the consideration of the evidence in determining that the holder of the title obtained his rights in good faith and for full value without notice of the claims of alleged creditors.

2. EQUITY—REOPENING TESTIMONY—DECREE.

> It is within the discretion of the trial court to refuse to reopen a decree in a suit brought by an administrator of an estate to recover property conveyed away by decedent in defraud of his creditors upon motion and petition of the complainant supported by affidavit, the practice requiring that the application be meritorious and disclose reasonable diligence in attempting to discover the new evidence.

Appeal from Muskegon; Sullivan, J. Submitted April 24, 1914. (Docket No. 126.) Decided March 18, 1915.

Bill by Joseph A. Cowan, administrator of the estate of Frederick W. Miller, deceased, against Frank A. Anderson and others to set aside certain conveyances on the ground that they were in defraud of decedent's creditors. From a decree for the defendants, complainant appeals. Affirmed.

*Philip W. Kniskern* (*Stephen H. Clink,* of counsel), for complainant.

*Cross, Vanderwerp, Foote & Ross,* for defendants.

McALVAY, J. Complainant, as administrator of the estate of Frederick W. Miller, deceased, filed his bill of complaint in this cause in the circuit court for the county of Muskegon, in chancery, against defendants, under the provisions of sections 9363 and 9364, 3 Comp. Laws, as amended by Act No. 326, Pub. Acts 1905 (4 How. Stat. [2d Ed.] §§ 11074, 11075), for the purpose of setting aside certain conveyances by complainant's decedent and others claimed to have been made with intent to defraud decedent's creditors. Defendants answered the bill of complaint, and an issue was joined upon the pleadings. Proofs were taken, and the cause was heard before the court, which resulted in a decree dismissing the bill of complaint.

From this decree complainant has appealed to this court.

The opinion of the trial court, which is contained in the record, contains a complete abstract of the pleadings, a full statement of the facts, findings of the court thereon, and his conclusions, as follows:

"Finding of the Court.

"(1) The complainant alleges in his bill of complaint that he is administrator of the estate of Frederick W. Miller, deceased (who died intestate on the 10th day of February, 1911) ; that all the property standing in the name of the deceased at the time of his death had been disposed of by the order of the probate court; that claims had been allowed in the probate court against the estate of over $5,300; that the property sold brought an insufficient sum to pay the debts allowed; and that there will be a deficiency of more than $4,000.

"(2) It is further alleged that the deceased owned in his own name and was actually in possession of real estate of greater value than $1,000 during his whole life; that he farmed the same, paid the taxes thereon, took the proceeds of the crops, made improvements with his own funds without help or assistance from any one.

"(3) That, while he owned and possessed such real estate, he became indebted to one Horace Brown and other persons in large amounts, and while so indebted, for the purpose of defrauding his said creditors, he transferred the said property to the defendant Frank Anderson without consideration by a quitclaim deed dated April 7, 1900, which was recorded April 19, 1900, in the office of the register of deeds of Muskegon county; that the transfer was made with the sole intent to put the property out of reach of levy and sale and execution; that on the 5th day of May, 1900, the bill alleges deceased, in order further to complicate the title to the property, had Mr. Anderson and his wife transfer it to his daughter, Clara Miller (now Strong), by quitclaim deed, which was not recorded until the 26th of April, 1904.

"(4) The fourth paragraph describes the property as two 40-acre lots, one in section 4 and the other in

section 16 of town 10 north, range 17 west, in this county.

"(5) It is alleged in the bill that on the 18th day of July, 1912, Clara Miller (now Clara Strong), knowing the estate had not property sufficient to pay the debts, and with full knowledge of the facts stated above, and knowing she had no title against said creditors, executed a deed to the defendant Elbert George, who it is claimed knew the condition of the title; and it is alleged that he paid no consideration for the deed with the intent to hinder and delay the creditors of the estate. The prayer of the bill is that: (a) That all the conveyances described in the bill be declared void; (b) that said lands be sold under the order of the probate court to pay the debts allowed; and (c) that the complainant have such further and other relief as shall be agreeable to equity, etc.

"It is denied in the answer that Mr. Miller owned the land in his lifetime, and that he took the proceeds of it, and also denied that he paid the taxes out of his own funds.

"It is denied by Mr. Anderson and Clara Strong of their own knowledge, and by Mr. George on belief, that the conveyance from Miller to Anderson and from Anderson to Clara Strong was made for the purpose of defrauding creditors, and both Anderson and Mrs. Strong say a fair consideration was paid for the land.

"Both defendants Strong and George claim that George paid $725 in money for the land and assumed a mortgage thereon for $125, and that the consideration was adequate, and the transfer was made in the utmost good faith, and not to hinder and delay creditors. Proof was taken at great length in the case, the material parts of which will be noticed in passing.

"The administrator brings this action under the provisions of Act No. 326, Pub. Acts 1905, amending 3 Comp. Laws, §§ 9363 and 9364, not on his inception, but on the application of a creditor of the estate, one Otto Meeske, who, it was stated in argument, had given security as required by that act for the prosecution of the case.

"The title to the property was first in Mrs. Miller, the wife of Frederick W. Miller, who, while on her deathbed, conveyed it by warranty deed to her husband. This deed, which is not attacked in any way,

both parties claim, and to which I agree, vested the title to the property in Frederick W. Miller. It is claimed on the part of complainant that all the subsequent deeds, being quitclaim deeds, were absolutely void as to the creditors of the estate of Frederick W. Miller, under authority of certain cases cited in argument, to wit, *Peters* v. *Cartier*, 80 Mich. 124 [45 N. W. 73, 20 Am. St. Rep. 508]; *Messenger* v. *Peter*, 129 Mich. 93 [88 N. W. 209], and cases cited on page 99 of that case; *Pellow* v. *Iron Co.*, 164 Mich. 87, see page 99 [128 N. W. 918, 47 L. R. A. (N. S.) 573, Am. & Eng. Ann. Cas. 1912B, 827].

"All these decisions are with reference to the recording laws of the State, and hold that, if a grantor has actually parted with his title through a quitclaim deed by a prior unrecorded deed, the grantee takes no title as against the prior unrecorded deed, whether he had notice of the prior deed or not. While the language is different, according to the exigency of the cases decided, the cases substantially hold that the grantee in a quitclaim deed takes whatever interest his grantor had to convey, or the proposition may be enunciated as follows: He who accepts a quitclaim deed cannot, within the meaning of the registry acts, be a *bona fide* purchaser and as such entitled to protection against prior conveyances or incumbrances made by his grantor or equities existing against him.

"The only deed made by Frederick W. Miller was the one made to the defendant Frank Anderson in April, 1900, and recorded the same month. Mr. Anderson, who was a witness, claimed that at the time he purchased the land, and that at the time that he conveyed it to Clara Miller for the very price that he paid or agreed to pay Mr. Miller for it, he had no intention to hinder or delay the creditors of Mr. Miller, and knew of no such intention on Mr. Miller's part.

"I have no reason to doubt Mr. Anderson's word as to that transaction, but the fact that Mr. Miller made both deals, the first one in which he conveyed the land to Anderson and the second one in which he had Anderson convey the land to his daughter, taken with the testimony of the witness Pobst, leads me to the conclusion that his daughter did not pay any part of the consideration to her father for Anderson, or to

Anderson himself for the deed, and I am convinced that at that time he owed one Horace Brown, and that he was seeking to prevent him to collect his debt against him.

"The deed to Clara Miller was recorded on the 26th day of April, 1905. This was notice to the world that she claimed the land. After that, any one whom Miller owed had an opportunity to attack the deed, if he so desired. Miller is dead. What now appears to his discredit might be cleared up were he living to testify. For over six years and nine months, while Miller lived after the deed was recorded, Horace Brown did not attack this conveyance. Neither does his assignee now. Otto Meeske, who is the moving cause of this suit for a debt due him from Miller, did levy an execution on one parcel of the land involved here, but took no further action therein. Five years expired after the levy, and so it became ineffective by lapse of time and operation of law.

"It is true that some conveyances are void as to subsequent creditors of the grantor when credit is given him upon his representations that he is the owner of the land conveyed, or that he is entirely solvent, when in fact he is insolvent. I don't consider this such a case.

"A reference to the probate files shows the claim of Horace Brown was assigned to Isaac R. Hinds on a transcript of justice judgment filed June 13, 1904, for a judgment of $104.44 damages and $4.05 costs of suit, which judgment was rendered on a prior judgment in the circuit court of this county in a suit between Horace Brown and Frederick W. Miller on June 6, 1894, for $7.75 damages and costs of $68.48. The suit in justice court was commenced just before the expiration of ten years after the judgment in the circuit court.

"The transcript of judgment was filed the same year the deed to Clara Miller was recorded, about two months and a half thereafter, but no levy was made to enforce the judgment on the transcript. The only other debt allowed in probate court previous to recording the deed to Clara Miller was that of Otto G. Meeske, based on a deficiency in a mortgage foreclosure in 1902, and for the amount of this deficiency an execution was levied on one of the parcels of land

involved in this suit, but, as has already been said, five years was allowed to elapse thereafter without anything having been done to settle Meeske's right in the land as a creditor of Miller, and so whatever lien Meeske hand on the land was lost.

"Some 18 or 20 claims for debts were filed and allowed against the estate, all but the above made subsequent to the record of the deed to Clara Miller, none of which can be said to have been made on the credit of Miller owning the property here in controversy. As this bill must be taken to be for the benefit of all the creditors of the estate, and as a greater part of them cannot say that credit was given the deceased because of his ownership of this property, it seems impossible to maintain this bill. · *Hedstrom* v. *Kingsbury,* 40 Mich. 636; *Smith* v. *Tolman,* 166 Mich. 651 [132 N. W. 471]; *Page* v. *Kendrick,* 10 Mich. 300; *Gale* v. *Gould,* 40 Mich. 515.

"The proof shows conclusively that the defendant Elbert George paid $725 in money and assumed a mortgage on the property of $125 for his quitclaim deed in the utmost good faith, relying upon the statement of Mr. Kniskern, an attorney of this court and representing the estate, that Mrs. Strong (née Clara Miller) had a good title to convey. His equity seems superior to me than that of any of the parties to this suit or of any of the creditors of Mr. Miller.

"A decree dismissing the bill should be made, with costs in favor of defendant George, against Otto G. Meeske, at whose behest the administrator instituted this suit."

All of the testimony in this record, which is not voluminous, has been carefully read and considered, from which we are satisfied that the learned trial judge arrived at a correct disposition of the case. There is no doubt that the defendant George was a *bona fide* purchaser of this property in good faith and for a valuable consideration, relying at the time upon the statements of defendant Strong and her solicitor. From an examination which we have made of the opinion and original files and records in the case of *Ripley* v. *Miller* (now defendant Strong), 165 Mich.

47 (130 N. W. 345, Am. & Eng. Ann. Cas. 1912C, 952), we are satisfied that the solicitor, as far as the facts contained in that record were concerned and the disposition which was made of the case in this court, might have been justified in making the statement that defendant Strong held the title to the premises. That fact, however, adds to the weight of the evidence in the case of the good faith of defendant George.

The record shows that on April 21, 1913, about 60 days after the case was heard, at the time of the settlement of the decree, solicitor for complainant presented a petition, supported by an affidavit, to open the case for the purpose of taking further testimony on his part. This petition was denied, and the decree of the court was settled and signed. The only mention made of this matter in the briefs of either counsel in the case is a sentence at the end of the statement of facts in the brief of complainant and appellant, as follows:

"The complainant also complains of the refusal of the court to grant his petition for an order opening up the case for further proofs."

The reason for the court denying the petition does not appear in the record.

These are matters within the discretion of the court. The practice requires that such applications must be meritorious and show reasonable diligence in obtaining the claimed newly discovered evidence. From an examination of the petition and affidavit, we are not prepared to say that the action of the court was an abuse of discretion.

The decree of the circuit court is affirmed, with costs of both courts in favor of defendant George and against Otto G. Meeske, upon whose application the administrator instituted this suit.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.