SECURITY TRUST CO. *v.* CLIFFORD.

FRAUDULENT CONVEYANCES—CREATING ESTATE BY ENTIRETIES PURSUANT TO AGREEMENT NOT IN FRAUD OF CREDITORS.

Where wife quitclaimed to husband land held by entireties on his promise to return such interest to her, subsequent conveyances to carry out such promise were not in fraud of husband's creditors, especially in absence of proof that credit was extended to him in reliance on fact that title was in him.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 16, 1929. (Docket No. 102, Calendar No. 34,617.) Decided January 24, 1930.

Bill in aid of execution by Security Trust Company, a Michigan corporation, administrator of the estate of Alexander Clifford, deceased, against Willis Clifford and others. From decree dismissing bill of complaint, plaintiff appeals. Affirmed.

*Hugh M. Edwards* (*Joseph Jackson,* of counsel), for plaintiff.

*Mason, Alexander, Ruttle & McCaslin* and *Stevens T. Mason,* for defendants Clifford.

*Oxtoby, Robison & Hull,* for defendants Michigan Mutual Life Insurance Company and National Life Insurance Company.

SHARPE, J. On August 18, 1905, the defendant Willis Clifford became the owner in fee of lot 29 of a subdivision in Detroit. On it was a dwelling in which he and his wife, the defendant Margaret R. Clifford, have since resided. On October 27, 1910,

Estoppel of one who permits title to real estate to stand in the name of another to assert title as against latter's creditors, see annotation in 30 L. R. A. (N. S.) 1.

Clifford and his wife acquired title by the entireties to lot 32, next adjoining lot 29 on the north. About the same time, by appropriate conveyances, the title to lot 29 was also lodged in them by the entireties. The title thus remained until November 29, 1916, when Mrs. Clifford conveyed these lots to her husband by quitclaim deed. Some improvement was then put upon the property. Certain mortgages were soon after placed thereon, in which the wife joined to bar her dower interest. These mortgages appear to have been discharged, except one to the defendant Michigan Mutual Life Insurance Company, executed in 1917, on which $7,000 is yet unpaid. Parts of both lots had been sold prior to 1921, in which the wife joined in the deeds to bar her dower. On October 27, 1924, the husband and wife joined in a deed to the east 90 feet of lot 29 (the unsold part of the property) to Harry P. Bull, who reconveyed the same to them as tenants by the entireties.

On December 10, 1925, Alexander Clifford, a brother of Willis, recovered a judgment against him in the sum of $1,304.89. He (Alexander) died soon thereafter, and the plaintiff was appointed administrator of his estate, and the action was revived in its name. Judgments were afterwards recovered by the administrator against Willis on March 5th, and March 14, 1927, in the sums of $1,573.89 and $238.70, respectively. Writs of execution on these judgments were issued, under which levies were made upon the 90 feet of lot 29 above referred to in March and April of that year, and this bill was filed in aid thereof.

A careful reading of the record satisfies us, as it did the trial court, that considerable pressure was brought to bear upon Mrs. Clifford to induce her to execute the quitclaim deed by which she severed the estate by the entireties in the property and conveyed

it to her husband, and that she did so under his promise to return such interest to her. This act on her part and promise on his part formed a sufficient consideration for the deeds executed in 1924, by which the title was again placed in both of them by the entireties. Were not the rights of creditors involved, the transaction would be free from criticism. What has been said in cases in which conveyances were made from husband to wife, without consideration, is in no way controlling.

Plaintiff relies on the rule of law that where a wife allows the title to property in which she has an equitable interest to stand in the name of her husband, and credit is extended to the husband *in reliance on his ownership thereof,* a subsequent transfer to her is void as against the rights of such creditors. 10 R. C. L. p. 788; 21 C. J. p. 1172. This rule has been somewhat qualified in this State. In *Dull* v. *Merrill,* 69 Mich. 49, 58, it was said:

"Complainant would not lose her rights as a creditor of her husband by failing to make her claim known, even as against the defendant, who trusted him in ignorance of it."

See, also, *Smith* v. *Tolman,* 166 Mich. 651.

But, if the rule be here applied without qualification, plaintiff is not aided thereby. The record is silent as to any representations made by Willis to his brother at the time the credit was extended, nor is there any proof that at that time the brother placed reliance in the ownership of this property by Willis as security for his debt, nor can we indulge in any such presumption. Both Mr. and Mrs. Clifford were examined as witnesses, and no question was asked either of them in any way relating thereto. The deed here attacked was not, in fact or in law, fraudulent as against the rights of the plaintiff.

The decree dismissing the bill is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.