COLE *v.* BROWN.

1. FRAUDULENT CONVEYANCES — RIGHTS OF JUDGMENT CREDITOR— INCLUSION IN JUDGMENT OF ITEMS OF SUBSEQUENT INDEBTEDNESS.

The rights of the complainant in a bill in aid of execution are not to be determined upon the basis that he is a subsequent creditor merely because certain items of the indebtedness upon which he had judgment were incurred subsequent to the conveyance attacked, but, if such conveyance is shown to have been voluntary, it may be held valid as to such subsequent indebtedness, and void as to the balance of the judgment.

2. SAME—VOLUNTARY CONVEYANCES—INTENT TO DEFRAUD—EXISTING AND SUBSEQUENT CREDITORS.

While no fraudulent intent is necessary to set aside a voluntary conveyance as to existing creditors, it must be established in order to set it aside as to subsequent creditors.

3. SAME.

Whether an actual intent to defraud existing creditors entitles a subsequent creditor to have a conveyance by the debtor set aside,—*quære.*

Appeal from Oakland; Smith, J. Submitted June 11, 1897. Decided September 23, 1897.

Bill by Christopher Cole, administrator of the estate of Luman Beebe, deceased, against Henry Brown, Caroline Brown, Frank Brown, Alice Oxford, and Elizabeth Denison, in aid of execution. From the decree rendered, defendant Caroline Brown appeals. Modified.

On January 9, 1895, complainant recovered a judgment at law against the defendant Henry Brown for $918.08 and costs. This judgment was rendered upon five promissory notes,—one dated October 1, 1889, for $100; the others dated, respectively, December 21, 1892, January 21 and 24, and March 1, 1893. Mr. Brown had been a farmer, and in March, 1892, owned the several pieces of farm lands, and the land situated in the village of Oxford, described in the bill of complaint. On March 8, 1892, he deeded this village property, called the "Oxford Property," to his wife, the consideration expressed in the deed being $4,500, which deed was recorded the following September. At the time this deed was made, it was incumbered by a mortgage, upon which there was then due $900. His principal farm was mortgaged for $3,100, which was about its value. On April 8, 1893, he deeded a part of his other real estate to his son Frank, and the remainder to defendant Denison. Being unable to collect the judgment, complainant, after taking the requisite steps, filed this bill to set aside these conveyances, as void as to creditors. He called for an answer under oath, in which the defendants Brown and Denison admit the transfer, and allege a valid consideration, and deny fraud. Mrs. Axford was charged with having certain notes in her possession in trust for Henry Brown. She answered, denying the allegation. The cause was heard upon pleadings and proofs taken in open court, and decree entered in favor of defendants Axford and Denison, and against the defendants Brown, holding that the transfers were voluntary, without consideration, and void as to creditors. Defendant Caroline Brown alone appeals. The further facts, so far as essential, will be stated in connection with the points discussed.

*George O. Kinsman* and *Frank E. Jenkins*, for complainant.

*A. & S. H. Perry*, for appellant.

GRANT, J. (*after stating the facts*). 1. It is urged that complainant's rights must be determined upon the basis that he is a subsequent creditor, because four of the items of indebtedness upon which the judgment was rendered were incurred after the deed to Mrs. Brown was made and recorded. In Maine and Illinois it is so held. *Reed* v. *Woodman*, 4 Greenl. 400; *Usher* v. *Hazeltine*, 5 Greenl. 471 (17 Am. Dec. 253); *Moritz* v. *Hoffman*, 35 Ill. 558. The contrary rule prevails in Pennsylvania, and it is there held that the conveyance is void as to that part of the judgment incurred before the conveyance, and valid as to the part incurred subsequently. *Henderson* v. *Henderson*, 133 Pa. St. 399 (19 Am. St. Rep. 650). We think the latter rule the more just and equitable, and therefore adopt it.

2. The court found, and incorporated the finding in its decree, that the deeds from Brown to his wife and son—

"Were made for the express purpose of avoiding the payment of the said Henry Brown's debts, and for the purpose of defrauding his, the said Henry Brown's, creditors, and that his wife, the said defendant Caroline Brown, and his son, the said defendant Frank Brown, were possessed of full knowledge of what these deeds were made for, and that the court did not believe the testimony of the defendants as to what the consideration was, passing from Caroline Brown to Henry Brown, and from Frank Brown to Henry Brown, for said deeds, and that the income from the rent of the Oxford property received by Mrs. Brown was more than the amount of the mortgage thereon at the date of the deed, and which said mortgage was paid out of the rents received therefrom."

The decree ordered a sale of the property, and ordered that $1,500, the amount of the homestead exemption, be paid from the proceeds of the sale to Mr. Brown.

We entirely agree with the court as to the deed made

by Mr. Brown to his son.  There was direct and posi-
tive evidence to show that this deed was made with the
intent to defraud his creditors, among whom were Mr.
Beebe and his assignors.  This matter is not before us, as
the son has not appealed.

We cannot concur in the conclusion reached by the
court below as to the deed to Mrs. Brown.  It is unneces-
sary to determine upon this record whether the deed to
her was void as to Mr. Brown's then existing creditors.
He did not at that time dispose of all his property, and
there is evidence that the amount retained by him equaled
the amount of his debts.  We find no evidence of any
intent to defraud any subsequent creditors.  There is no
testimony from which it can be inferred that either he
executed this deed, or that she received it, with any intent
on his part to incur future indebtedness, and to deed this
property to her with that purpose in view.  If existing
creditors could attack it, it is alone because the convey-
ance was voluntary.  There were very good reasons why
he should convey it to her.  It was their homestead.  She
had been a hard-working woman, had taken boarders,
and had evidently contributed as much as, if not more
than, he towards accumulating the property.  It was en-
tirely proper and laudable that, as old age was coming
on, she should desire to secure a home for herself, and
something to live upon, to which, in justice, she was
entitled.  Her husband had become somewhat addicted
to drink and gambling.  The mere fact that Mr. Brown
afterwards borrowed some money is not of itself sufficient
to base a finding upon that they intended at the time to
defraud his future creditors, or that it was contemplated
that he should borrow money in the future.  The deed
was on record at the time that the various sums of money
upon which the judgment is based, except the first note
of $100, were borrowed.  There is no testimony that these
loans were made on any representations as to the title
made by either Mr. or Mrs. Brown.  The record of the
deed was notice to the world that this land did not form

a part of his assets. *Strauss* v. *Parshall*, 91 Mich. 475. There are cases where conveyances are fraudulent as to subsequent creditors when it is proven that that was the purpose of the conveyance. Such a case is *Savage* v. *Murphy*, 34 N. Y. 508 (90 Am. Dec. 733). In *Baker* v. *Gilman*, 52 Barb. 26, it was held that where a creditor knew of the conveyance, and then trusted the debtor, he could not recover. This is based upon sound sense and reason. The former decisions of this court, we think, rule this case against complainant. *Page* v. *Kendrick*, 10 Mich. 300; *Keeler* v. *Ullrich*, 32 Mich. 88; *Gale* v. *Gould*, 40 Mich. 515; *Strauss* v. *Parshall*, *supra*.

While no fraudulent intent is necessary to set aside voluntary conveyances as to existing creditors, it must be established in order to set them aside as to subsequent creditors. In other words, actual fraud must be shown, and as well the specific intent to defraud the individual subsequent creditor complaining, or subsequent creditors generally. Wait, Fraud. Conv. §§ 96, 202; *Simmons* v. *Ingram*, 60 Miss. 898; *Florence Sewing Machine Co.* v. *Zeigler*, 58 Ala. 224. In the case of *Howe* v. *Ward*, 4 Greenl. 195, an exhaustive examination of this subject was made, and many authorities cited and discussed. The conclusion reached in that case is thus stated:

"If the party for whose benefit the proof is introduced was not a creditor at the time the alleged fraudulent conveyance was made, such proof cannot avail him, unless found sufficient to convince the jury that the coveyance was made for the purpose of defrauding him in particular, or subsequent creditors generally, as well as those who were creditors at the time, if there were any such."

It must be remembered that we are dealing with a case where there was no actual intent to defraud any creditor, existing or subsequent, but where the law sets the conveyance aside as to existing creditors, regardless of the intent. We are not called upon to determine whether a subsequent creditor can successfully attack a conveyance by the sole proof of an actual intent to defraud existing cred-

itors.    Upon this question the authorities do not seem to
be in harmony.    See Bump, Fraud. Conv. chap. 13.

Decree modified according to this opinion, with costs of
this court to defendant Caroline Brown.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred.
HOOKER, J., did not sit.