## LOVELL v. DENISON.

1. FRAUDULENT CONVEYANCES—DEBTOR AND CREDITOR—GARNISHMENT.

    As to a creditor whose account accrued after a voluntary conveyance of property by the debtor, actual fraud as well as specific intent to defraud must appear to entitle the former to treat the conveyance as invalid.

2. SAME—CHARGE—BURDEN OF PROOF.

    The court erred in charging that such conveyance was presumptively fraudulent as to a subsequent creditor. The secret transfer of property by the debtor who thereafter increased her indebtedness upon the appearance of remaining the owner may be convincing evidence of an intent to defraud; that the creditor did not know of the transfer when he extended credit does not relieve him of the burden of showing actual fraud.

Error to Bay; Collins, J. Submitted April 12 1911. (Docket No. 85.) Decided July 26, 1912.

Garnishment by Clifford F. Lovell against William F. Denison as garnishee of Genevieve S. McCormick, princi-

pal defendant. Judgment for plaintiff. Garnishee defendant brings error. Reversed.

*DaFoe & Johnson*, for appellant.

*Frank S. Pratt*, for appellee.

BIRD, J. This proceeding was instituted under the garnishee law to determine whether the garnishee defendant had money or property in his possession belonging to the principal defendant. It was so adjudged by a jury, and judgment was accordingly rendered against him. By writ of error, the case has been brought to this court for review.

Upon the death of her mother in February, 1908, Genevieve McCormick, the principal defendant, became the owner of her estate. The estate consisted of personal property of the value of nearly $1,500, and real estate appraised at $6,500. The debts owing by the estate amounted to about $4,000. Mrs. McCormick had no way of paying the claims against the estate, and, after consulting with relatives, made a proposition to the garnishee defendant that if he would pay the claims against the estate, she would convey the real estate to him. Denison later accepted her proposition, and the same was conveyed to him on the 29th day of April, 1908; but he did not place the deeds of record until July 29, 1908. Between the 1st day of May and the date on which the deeds were recorded, Mrs. McCormick became indebted to the plaintiff for wearing apparel. She neglected to make payment therefor, and in February, 1909, a judgment was rendered against her for $213.96, and costs of suit. This judgment was subsequently reduced, by an execution levy and sale, to $197.85. Garnishee proceedings were instituted against the defendant Denison. He answered that he had no money or property in his possession belonging to her. Interrogatories were subsequently filed and answered. Then a demand for trial was filed to test the truth of

his disclosures, and it resulted in a judgment against him for the amount of plaintiff's claim.

It was the claim of plaintiff that he extended credit to Mrs. McCormick on her apparent ownership of the estate and on her representations that the estate was solvent: these facts, together with the further facts that the transfer was unknown to him, and was withheld from record until after the credit had been extended, operated as a fraud in law upon him. On the other hand, it was contended by defendant that he purchased the real estate in good faith, paying nearly full value for it during the financial depression of 1907–08, and that the goods for which plaintiff now seeks to recover were purchased after the transfer to defendant, thereby making plaintiff a subsequent creditor, and as such he could not recover, without showing actual intent to fraud.

The trial court eliminated the question of intent to defraud, and charged the jury that if plaintiff extended credit to Mrs. McCormick on her apparent ownership of the estate they might render a judgment against the garnishee defendant for the amount of plaintiff's claim, provided they further found that the value of the property transferred to him was sufficient to cover both what he had paid on the indebtedness of the estate and plaintiff's claim.

The defendant requested the court to instruct the jury that at the time the transfer was made by Mrs. McCormick to Denison she must have intended to injure, delay, and defraud creditors. We think no recovery could be had, unless she did so intend. If the plaintiff had been an existing creditor, the law would have presumed the intent; but this is not the rule as to a subsequent creditor. In the case of a subsequent creditor, there must be proof of an actual intent to defraud some particular creditor, or creditors generally. This distinction is very clearly set forth by Mr. Justice GRANT, in *Cole* v. *Brown*, 114 Mich. 396 (72 N. W. 247, 68 Am. St. Rep. 491), where it is said:

"While no fraudulent intent is necessary to set aside voluntary conveyances as to existing creditors, it must be established in order to set them aside as to subsequent creditors. In other words, actual fraud must be shown, and as well the specific intent to defraud the individual subsequent creditor complaining, or subsequent creditors generally. Wait, Fraud. Conv. §§ 96, 202; *Simmons* v. *Ingram*, 60 Miss. 898; *Florence Sewing Machine Co.* v. *Zeigler*, 58 Ala. 224. In the case of *Howe* v. *Ward*, 4 Greenl. [Me.] 195, an exhaustive examination of this subject was made, and many authorities cited and discussed. The conclusion reached in that case is thus stated:

"'If the party for whose benefit the proof is introduced was not a creditor at the time the alleged fraudulent conveyance was made, such proof cannot avail him, unless found sufficient to convince the jury that the conveyance was made for the purpose of defrauding him in particular, or subsequent creditors generally, as well as those who were creditors at the time, if there were any such.'"

The question was again before the court in *Barkworth* v. *Palmer*, 118 Mich. 50 (76 N. W. 151), a case wherein the facts were much like those in the present case. The case of *Cole* v. *Brown* was followed; the court saying, among other things, that—

"In order for the complainants to recover in this case, they should have shown that, at the time when these deeds were made, there was an express design on the part of the defendants to subsequently obtain credit from the complainants, and defraud them."

We are of the opinion that the trial court was in error in refusing to charge as requested, and that he was also in error in submitting the case to the jury upon the theory which he did.

For these reasons, the case will be reversed and a new trial ordered.

BLAIR, J., concurred with BIRD, J.

OSTRANDER, J. (*concurring*). Some facts are herein stated which are not called to attention in the opinion of Mr. Justice BIRD. The principal defendant had a run-

ning, open account with plaintiff, the first debit item thereof being entered December 9, 1907; the last, July 31, 1908. The total debits amounted to $110.44 February 29, 1908, and were balanced by a cash credit of like amount. Beginning March 21, 1908, the debit items are continued with two credits, one of May 14, 1908, $54.34, one of June 15, 1908, $55.72. The payment of May 14th left a balance unpaid of $37.19, and the payment of June 15th a balance of $98.62 But the payment of May 14th was equal to the indebtedness existing April 29, 1908. She conveyed property to the garnishee defendant April 29, 1908; the deeds being recorded July 29, 1908. Plaintiff learned of the conveyances in January, 1909. The plaintiff was therefor a creditor of the principal defendant when the property was transferred, and has ever since been her creditor. There is testimony tending to prove that before and after the conveyances to the garnishee defendant were made, plaintiff extended credit to the principal defendant, relying upon her apparent ownership of property as heir of her deceased mother and upon the representation of the principal defendant that the estate was solvent. It was property of the said estate which was conveyed to the garnishee defendant.

In *Cole* v. *Brown*, 114 Mich. 396 (72 N. W. 247, 68 Am. St. Rep. 491), this court adopted the rule that, where the creditor's judgment is for items of indebtedness, some of which were incurred before and some after the conveyance of the debtor's property, the conveyance of property is presumptively fraudulent as to the debt then existing and valid as to indebtedness subsequently contracted, following the rule of the Pennsylvania courts. The court was there dealing with a case where there was no actual intent to defraud any creditor, existing or subsequent. See, also, *Barkworth* v. *Palmer*, 118 Mich. 50 (76 N. W. 151). Appling the rule in this case, it is evident that the judgment of the plaintiff is wholly for an indebtedness contracted after the conveyances in question were made by the debtor. The question is whether the rule stated

ought to be applied.   It should be applied, unless the fact that the creditor had no knowledge or notice that the debtor had transferred her property forbids its application. The whole doctrine of the fraudulent character of property transfers, as against creditors, where there is no actual intent to defraud, rests upon the idea that property is the basis of credit, and that, presumptively, credit is extended in reliance upon what the debtor possesses.

A secret transfer of property by a debtor, who thereafter increases his debts, or contracts others, upon the appearance that he still owns that which he has conveyed away, may be convincing evidence of an intention on his part to defaud.   If such an intention, as to a particular creditor, is found to exist, no more is required.   It is plain, however, that in such a case the plaintiff's recovery will be based upon actual, and not presumptive, fraud.   I agree, therefore, with the conclusion stated by Mr. Justice BIRD.   Plaintiff's recovery, being for a debt contracted after the debtor transferred her property, cannot be sustained because the court in the charge applied the rule of presumptive fraud, and did not submit to the jury the question whether the purpose of the conveyances, in the light of all the facts, was fraudulent as to plaintiff, a subsequent creditor.

McALVAY and STONE, JJ., concurred with OSTRANDER, J.