### ENTERPRISE FUEL CO. v. JONES.

No. 4382.

Circuit Court of Appeals, Fourth Circuit.

Nov. 14, 1938.

Harry E. Karr, of Baltimore, Md. (Richard M. Carlin, of Baltimore, Md., on the brief), for appellant.

William Saxon, of Baltimore, Md. (Louis J. Sagner, of Baltimore, Md., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and H. H. WATKINS, District Judge.

PER CURIAM.

On August 26, 1937, the appellant, The Enterprise Fuel Company, a corporation, of the State of Maryland, dealing in heating equipment and various kinds of fuel, entered into a contract with the Forest Park Construction Company, likewise a Maryland corporation, with regard to the sale of a stated quantity of coal at a fixed price. The contract also included a provision for the furnishing of an Iron Fireman Automatic Coal Burner and at the conclusion of the contract for the purchase of coal the seller agreed to convey title to the coal stoker to the buyer.

The installation of the stoker was made on September 23, 1937, and on November 4, 1937, the appellant caused the contract to be recorded among the Chattel records of the City of Baltimore. On January 3, 1938, The Forest Park Construction Company was adjudged an involuntary bankrupt and appellee C. Edward Jones was made trustee in the bankruptcy proceeding. On February 15, 1938, appellant filed a petition asking for reclamation of the stoker under its contract with the bankrupt. The trustee contested the petition and in May, 1938, the Referee made findings of fact and stated his conclusions of law denying the relief prayed for in the petition. In June, 1938, the court below entered an order affirming the Referee, from which action this appeal was brought.

The sole question on this appeal is whether the contract involved was a conditional contract of sale or a leasing contract.

If the contract was one of conditional sale it was required to be recorded under Section 55 of Article 21 of Bagby's Annotated Code of Maryland. If, as contended on behalf of the appellant, it was purely a leasing contract it was not required to be recorded in order to protect the title of the vendor appellant as against creditors whose rights had attached between the time of the installation of the stoker and the time of the recording of the contract. We are of the opinion that the contract was one of conditional sale. Under it coal had been delivered and payments made. At the completion of the delivery of the coal contracted for, and the making of the payments, the title in the stoker was to vest in the purchaser. These facts made the contract one of conditional sale rather than one of service.

That the contract was regarded to be one of conditional sale by appellant is shown by the fact that it caused it to be recorded as such although after an unexplained delay. The rights of creditors had attached between the date of the installation of the stoker and the date of recordation.

That a contract of conditional sale is invalid, until recorded, as to subsequent creditors without notice, has been held by the Supreme Court of the State of Mary-

land. Roberts & Co. v. Robinson, 141 Md. 37, 118 A. 198. This court has held to the same effect. In re Rosen, D.C., 23 F.2d 687. See, also, In re Shipley, D.C., 24 F.2d 991. The case of In re Tompkins Bus Corporation, D.C., 22 F.Supp. 322, relied upon on behalf of appellant is not in point. In that case the contract was one of service only.

It is contended that the judge below erred in refusing to permit appellant to amend its petition after hearing before the Referee but we do not think this point material as it made no difference whether the appellant referred to the contract in its petition as a conditional contract of sale or as a leasing contract. The contract spoke for itself and must be interpreted according to its terms. It was a contract of conditional sale.

The order of the court below dismissing the petition is affirmed.

Affirmed.