PEOPLE v GATT

1. WEAPONS—CONCEALED WEAPONS—STATUTES—CRIMINAL LIABILITY—
   STATUTORY EXCEPTIONS—BURDEN OF PROOF.

   The purpose of the exceptions from criminal liability for carrying a concealed weapon in one's own dwelling, place of business, or possessed land which are contained in the concealed weapons statute is to allow persons to defend an area in which they have a possessory interest; the burden of establishing any of these statutory exceptions is on the defendant (MCLA 750.227; MSA 28.424).

2. WEAPONS—CONCEALED WEAPONS—STATUTES—STATUTORY EXCEP-
   TIONS—LEASED PREMISES—UNLAWFUL USE.

   The unlawful use of leased premises does not render inoperative the exception in the concealed weapons statute allowing the possessor of land to carry a concealed weapon on that land (MCLA 750.227; MSA 28.424).

3. STATUTES—WEAPONS—CONCEALED WEAPONS—APPLICATION OF STAT-
   UTE—POSSESSORY INTEREST IN PREMISES—USE OF PREMISES.

   The concealed weapon statute does not apply where the unlicensed gun is carried in the carrier's dwelling house, place of business, or on other land possessed by him, regardless of the use to which the premises are put (MCLA 750.227; MSA 28.424).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted June 24, 1977, at Detroit. (Docket No. 29663.) Decided August 9, 1977.

Patrick J. Gatt was convicted of carrying a concealed weapon. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 79 Am Jur 2d, Weapons and Firearms §§ 18, 26–28.
[2, 3] 79 Am Jur 2d, Weapons and Firearms § 18.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, ·Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Nelson & Kierpiec,* for defendant.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

BEASLEY, J. Defendant was charged with engaging in an illegal occupation, which is a misdemeanor, and carrying a concealed weapon on his person in violation of MCLA 750.227; MSA 28.424, both of which charges arose out of a raid on an alleged "blind pig". He pleaded guilty to the misdemeanor and paid a fine of $100. In a bench trial he was found guilty of carrying a concealed weapon and sentenced to not less than 40 months nor more than 60 months in prison. He appeals as of right.

The concealed weapons statute, *supra,* provides as follows:

"A person who shall carry a * * * dangerous weapon * * * concealed on or about his person * * * except in his dwelling house or *place of business or on other land possessed by him* * * * shall be guilty of a felony * * * ." (Emphasis added.)

On appeal, defendant claims that he was "in his place of business or on other land possessed by him".

*People v Clark,* 21 Mich App 712; 176 NW2d 427 (1970), provides that the burden of establishing any of the exceptions quoted above is on the defendant. *Clark* also provides that the purpose of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the exemptions was to allow persons to defend an area in which they have a possessory interest.

Thus, the threshold issue is whether defendant has established that he is within the exceptions to the statute. The record indicates defendant leased the premises at which the raid was conducted from a Detroit attorney.

The trial judge did not find differently on the facts, but grounded his decision on the premise that an unlawful use of the premises rendered the exceptions to the carrying a concealed weapon statute inoperative.

While this might be a desirable result, the Legislature did not so provide. The clear meaning of the statute is that the carrying a concealed weapon statute does *not* apply where the unlicensed handgun is carried in the carrier's dwelling house, place of business or on other land possessed by him, regardless of the use to which the premises are put.

The undisputed evidence indicates defendant was in his place of business or on other land possessed by him. Consequently, he was within the exception provided in the statute and was not in violation of the carrying a concealed weapon statute.

The other claims on appeal are without merit.

Reversed.