PEOPLE v WRIGHT

Docket No. 46738. Submitted March 10, 1980, at Lansing.—Decided
May 6, 1980.

John N. Wright (hereinafter defendant) was originally charged
with carrying a concealed weapon. Pursuant to a plea bargain,
defendant, on his plea of guilty, was convicted of attempted
carrying of a concealed weapon, Ingham Circuit Court, Jack W.
Warren, J. Defendant appeals. *Held:*

1. A defendant charged with violating the Michigan con-
cealed weapons statute, who claims an exception or exemption
under the statute, must prove that his behavior falls within an
exemption or exception to the statute.

2. Detention, itself, is not so inherently coercive that it will
render a guilty plea invalid.

3. A trial court's finding on the voluntariness of a guilty plea
will not be overturned unless it is clearly erroneous.

Affirmed.

1. Criminal Law — Statutes — Concealed Weapons — Exception
or Exemption.

A defendant charged with violating the Michigan concealed weap-
ons statute, who claims an exception or exemption under the
statute, must prove that his behavior falls within an exemption
or exception to the statute (MCL 776.20; MSA 28.1274[1]).

2. Criminal Law — Detention — Guilty Plea — Invalidity.

Detention, itself, is not so inherently coercive that it will render a
guilty plea invalid.

3. Criminal Law — Guilty Plea — Voluntariness — Appellate
Review.

A trial court's finding on the voluntariness of a guilty plea will
not be overturned unless it is clearly erroneous.

References for Points in Headnotes
[1] 79 Am Jur 2d, Weapons and Firearms § 14.
[2] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error §§ 818, 819.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Janis L. Blough,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: MacKenzie, P.J., and Bashara and D. C. Riley, JJ.

Per Curiam. Defendant was originally charged with carrying a concealed weapon, contrary to MCL 750.227; MSA 28.424. On April 25, 1979, he pled guilty to attempted carrying of a concealed weapon, contrary to MCL 750.92; MSA 28.287; MCL 750.227; MSA 28.424. He was sentenced to 60 days in jail according to a sentence agreement, with credit for 66 days already served. Defendant now appeals as of right.

Defendant first claims that he was improperly charged and convicted under the concealed weapon statute because he was carrying a hunting knife excepted under that statute. We will review this claim since it pertains to the prosecution's entitlement to bring the instant litigation. See *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976).

The pertinent statute, MCL 750.227; MSA 28.424 provides:

"A person who shall carry a dagger, dirk, stiletto or other dangerous weapon *except hunting knives adapted and carried as such,* concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and a person who shall carry a pistol concealed on or about

his person, or, whether concealed or otherwise, in a vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to carry the pistol as provided by law, or if licensed, carrying in a place or manner inconsistent with any restrictions upon such license, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than $2,500.00." (Emphasis added.)

The statute's purpose is to prevent quarrelling or criminal persons from suddenly drawing hidden weapons without notice to other persons. *People v Kincade,* 61 Mich App 498, 502; 233 NW2d 54 (1975).

An exception was carved out from this law for hunting knives "adapted and carried as such" where the purpose of carrying a weapon is to go hunting, not to surprise unwary victims. The defendant claims that his carrying of a hunting knife fell within this exception.

Michigan law requires that the defendant prove any exemption or exception to the statute, MCL 776.20; MSA 28.1274(1), *i.e.,* that he had a license to carry the weapon, *People v Henderson,* 45 Mich App 511; 206 NW2d 771 (1973), *People v Hooper,* 36 Mich App 123; 193 NW2d 203 (1971), *People v Gilleylen,* 31 Mich App 416; 188 NW2d 131 (1971), or that he possessed it in his home or business, *People v Gatt,* 77 Mich App 310; 258 NW2d 212 (1977), *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970), *People v Clark,* 21 Mich App 712; 176 NW2d 427 (1970). We believe that the burden similarly rests on the defendant to prove that his hunting knife was "adapted and carried as such". After reviewing all the evidence adduced below, we must conclude that defendant has not met this burden.

At the time of the offense, the instant defendant was carrying a sheathed knife on his belt under his coat. He was not wearing hunting clothes, nor was it the hunting season. Unlike the defendant who was arrested in *People v Iverson,* 34 Mich App 519; 191 NW2d 745 (1971), defendant was not in hunting country, (there, the Ontonagon area of Michigan's upper peninsula) but was in Lansing City Hall. The facts do not firmly establish that defendant's hunting knife was "adapted and carried as such" despite defendant's assertion that he was carrying it merely to have it repaired.

It is the possibility of drawing weapons, not the actual occurrence, that the concealed weapons statute seeks to prevent. In light of defendant's heated arguments with city workers prior to arrest, it was not irrational for the trial judge to conclude that defendant's possession fell within the intent of the statute.

Defendant also contends that his guilty plea was involuntary because he was incarcerated at the time of pleading, and only pled guilty to get out of jail.

Detention, itself, has never been recognized as so inherently coercive that it will render a guilty plea invalid. See *People v Sumlin,* 32 Mich App 1, 3; 188 NW2d 144 (1971), *People v Steele,* 4 Mich App 352, 358; 144 NW2d 834 (1966). Pleading merely to avoid an extended incarceration does not make a plea involuntary. See *People v Grades,* 35 Mich App 383, 384; 192 NW2d 655 (1971).

"All plea bargains involve some consideration passing from the prosecution to the defendant in order to induce the defendant to waive a full trial. Almost all defendants who enter guilty pleas do so because they expect to be treated more leniently if they plead guilty. If they had nothing to gain by pleading guilty and

nothing to lose by going to trial, most of those defendants would choose the trial in the hope that they might somehow be acquitted. The fact that they would not plead guilty were it not for a promise or expectation of leniency does not render their pleas involuntary. *People v Kindell,* 17 Mich App 22; 168 NW2d 909 (1969), *People v Guest,* 47 Mich App 500; 209 NW2d 601 (1973)." *People v Baines,* 83 Mich App 570, 573; 269 NW2d 228 (1978).

A lower court's finding on the voluntariness of a plea will not be overturned unless it is clearly erroneous. *People v Belanger,* 73 Mich App 438, 451; 252 NW2d 472 (1977). In the instant case, defendant's plea agreement provided not only for an early release, but for dismissal of the substantive concealed weapon charge and an unrelated simple larceny charge. The defendant stated on the record that he was voluntarily entering into this plea agreement. After reviewing the entire record, we are in accord with the lower court's conclusion that defendant's plea was freely, voluntarily, and understandingly made as required by GCR 1963, 785.7.

Affirmed.