52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Calvin G. KLEMOLA, Plaintiff-Appellant,
v.
CITY OF ROMULUS, a municipal corporation; Romulus Police
Department; Fred Dansby, Individually and in his
representative capacity as Chief of Police for the City of
Romulus; Duane Decaires, Individually and in his
representative capacity as a Police Officer for the City of
Romulus; Clayton Stevens, Individually and in his
representative capacity as a Police Officer for the City of
Romulus, Defendants-Appellees.
 No. 94-1955.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MARTIN, RYAN and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Calvin G. Klemola, a Michigan citizen, appeals a summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Klemola brought suit against the City of Romulus, the Romulus Police Department, the Romulus Police Chief, and two members of the Romulus Police Department, alleging numerous federal and state law claims. The undisputed facts are set forth in the district court's memorandum opinion and order and will not be repeated here. Suffice it to say that Klemola alleged that the September 1990, and March 1991, arrests for the offense of carrying a concealed weapon were without probable cause. He also asserted common law claims against Officers Stevens and DeCaires for false arrest, false imprisonment, and assault and battery. Lastly, he alleged that the City of Romulus failed to properly train Chief Dansby and Officers Stevens and DeCaires as to the elements of the offense of carrying a concealed weapon. Klemola sought damages.
 
 
 3
 On December 7, 1993, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. The district court issued a memorandum opinion and order granting the defendants' motion for summary judgment on July 21, 1994.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 Klemola challenges the district court's determination that there was probable cause for his second arrest for carrying a concealed weapon. He asserts that the district court erred in finding probable cause because: 1) the police were aware of his possessory interest at the time of the incident giving rise to the arrest; and 2) they failed to report exculpatory information to the prosecuting attorney when they requested the December 1990 arrest warrant.
 
 
 6
 When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would warrant a man of reasonable caution in the belief that an offense has been committed. Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). The inferences and probabilities suggested by common sense and law enforcement experience are to be taken into account in assessing the facts known to the arresting officer; and "the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." United States v. Cortez, 449 U.S. 411, 418 (1981). The establishment of probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." United States v. Ogbuh, 982 F.2d 1000, 1002 (6th Cir.1993) (quoting Illinois v. Gates, 462 U.S. 213, 244 n. 13 (1983)). Further, "[a] valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent." Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir.1988).
 
 
 7
 Klemola was arrested for carrying a concealed weapon in his motor vehicle in violation of Mich.Comp.Law Ann. Sec. 750.227(2). He argues that he falls within the statutory exception for those who carry weapons on land which they possess, and therefore the officers did not have probable cause to arrest him.
 
 
 8
 "The [legislative] purpose of the exemption [to the Concealed Weapons Statute] was to allow persons to defend those areas in which they have a possessory interest. This is the clear import of the phrase 'possessed by him' which modifies the three areas set forth in the statute." See People v. Clark, 176 N.W.2d 427, 430 (Mich.Ct.App.1970); see also People v. Brooks, 275 N.W.2d 26, 27 (Mich.Ct.App.1978); People v. Alexander, 266 N.W.2d 489, 490 (Mich.Ct.App.1978); People v. Gatt, 258 N.W.2d 212, 213 (Mich.Ct.App.1977).
 
 
 9
 The defendants had probable cause for the second arrest on March 4, 1991. At that time, the evidence collected revealed that there was a property dispute between Drews and Klemola. The defendants knew that although Klemola had the legal title to the property by virtue of the purchase, he had not yet been given possession of the property at the time of the incident. Since Drews, the tenant, and not Klemola, possessed the property at the time of the incident, the statutory exception to the concealed weapons statute did not apply to Klemola. The defendants, therefore, reasonably believed that Klemola had violated the concealed weapons statute. Consequently, the defendants had probable cause to arrest Klemola, and the arrest was legal.
 
 
 10
 We do not consider Klemola's argument that the defendant police officers withheld exculpatory information because Klemola failed to first present this argument to the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). The remaining arguments on appeal are without merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation