*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERRELL DWAN MORRIS,

Defendant-Appellant.

UNPUBLISHED
October 22, 2020

No. 348042
Wayne Circuit Court
LC No. 18-005766-01-FH

Before: GADOLA, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

A jury convicted defendant, Terrell Dwan Morris, of one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, one count of carrying a concealed weapon (CCW), MCL 750.227, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to serve a term of two years' imprisonment for the felony-firearm conviction, and a concurrent term of five years' probation for the felon-in-possession and CCW convictions. Defendant appeals as of right. We affirm.

## I. FACTS

Defendant's convictions arise from a traffic stop conducted by two Detroit police officers of a 2003 Chevrolet van on July 22, 2018. On that day, the officers observed that the van did not have a visible temporary license plate in the rear window. As a result, the officers, driving in a fully marked Ford Taurus, followed the van until it pulled into a driveway. The officers stopped in front of the house where the driveway was located, and witnessed defendant quickly exit the front passenger-side door of the van. As one officer approached the van, he "heard a thud on the opposite side of the vehicle." Subsequently, the officer conducted a search of the van and found a handgun on the ground about a foot away from the front passenger door. At trial, the parties stipulated that defendant had "been previously convicted of a felony making him ineligible to

-1-

possess a firearm."[1]  A jury convicted defendant of felon-in-possession, CCW, and felony-firearm. Defendant now appeals to this Court.

## II.  ANALYSIS

Defendant contends that Michigan's felon-in-possession, MCL 750.224f, and CCW, MCL 750.227, statutes infringe on an individual's right to possess firearms for any purpose and, thus, are facially unconstitutional.[2]  We disagree.

## A.  STANDARD OF REVIEW

On appeal, defendant challenges the constitutionality of MCL 750.224f and MCL 750.227 for the first time.  Because this issue is unpreserved, our review is for plain error.  *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).  The challenger must demonstrate that error occurred, such "error was plain, i.e., clear or obvious," and that the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *Callon*, 256 Mich App at 329.

This Court presumes a statute to be constitutional unless its "unconstitutionality is clearly apparent."  *People v Deroche*, 299 Mich App 301, 305; 829 NW2d 891 (2013).  Further, if possible, a statute must be construed as constitutional. *Id*.  The burden is on the challenger of the statute to prove its invalidity.  *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009). Also, "[a] facial challenge involves a claim that a legislative enactment is unconstitutional on its face, in that there is no set of circumstances under which the enactment is constitutionally valid." *People v Wilder*, 307 Mich App 546, 556; 861 NW2d 645 (2014).

## B.  MCL 750.224f

The United States Constitution states: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  US Const, Am II.  The Supreme Court of the United States has held that the Second Amendment "conferred an individual right to keep and bear arms."  *District of Columbia v Heller*, 554 US 570, 595; 128 S Ct 2783; 171 L Ed 2d 637 (2008).  The Due Process Clause of the Fourteenth Amendment fully incorporates this right and applies it against the States.  *McDonald v City of Chicago*, 561 US 742, 791; 130 S Ct 3020; 177 L Ed 2d 894 (2010).  Similarly, the Michigan

---

[1] The parties also stipulated that defendant lacked the "right to possess a firearm because he had not met the requirements for regaining eligibility as of July 2nd, 2018."

[2] This Court addressed similar constitutional challenges in a prior appeal.  See *People v Brady*, unpublished per curiam opinion of the Court of Appeals, issued January 12, 2017 (Docket No. 329037).  Under the rule of stare decisis, unpublished opinions issued by this Court are not binding precedent, MCR 7.215(C)(1), but may be considered instructive or persuasive. *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 137; 892 NW2d 33 (2016).

Constitution provides that "[e]very person has a right to keep and bear arms for the defense of himself and the state." Const 1963, art 1, § 6.

Both the Supreme Court and this Court have recognized that an individual's Second Amendment right to keep and bear arms is not unlimited. *Heller*, 554 US at 626-627; *People v Powell*, 303 Mich App 271, 273; 842 NW2d 538 (2013). Justice Scalia articulated the Supreme Court's position:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. [*Heller*, 554 US at 626-627.]

While defendant argues that this statement is dictum and should not be followed, this Court has previously endorsed the Supreme Court's position. *People v Wilder*, 307 Mich App 546, 555-556; 861 NW2d 645 (2014), quoting *Deroche*, 299 Mich App at 307-308. Specifically, this Court has written that the Second Amendment does not preclude categorical "restrictions preventing felons, the mentally ill, or illegal drug users from possessing firearms because they are viewed as at-risk people in society who should not bear arms." *Deroche*, 299 Mich App at 307-308. Such restrictions have been deemed a reasonable exercise of the state's "police power to protect the health, safety, and welfare of Michigan citizens." *People v Swint*, 225 Mich App 353, 363; 572 NW2d 666 (1997).

Moreover, defendant's reliance on *People v Dupree*, 486 Mich 693; 788 NW2d 399 (2010) as support for the position that "MCL 750.224f deprives felons of the fundamental right of self-defense" is unpersuasive. In *Dupree*, our Supreme Court held that traditional common law self-defense is generally available as an affirmative defense to an individual charged with felon-in-possession, if supported by sufficient evidence. *Id*. at 712. The *Dupree* defendant did not present a constitutional argument on appeal, however, instead contending sufficient evidence supported a self-defense jury instruction under the unique facts of that case. *Id*. at 708-709. In addition, defendant's case is factually distinguishable because, unlike *Dupree*, he was not faced with an immediate need for self-defense. And importantly, *Dupree* did not limit the state's police powers in restricting firearm possession, specifically as it relates to MCL 750.224f. *Id*. at 712; see also *Swint*, 225 Mich App at 374.

Therefore, defendant has not satisfied his burden of showing how Michigan's felon-in-possession statute is facially unconstitutional. Accordingly, defendant's felon-in-possession conviction remains valid, as does his conviction for felony-firearm.

## C. MCL 750.227

Defendant similarly argues that Michigan's CCW statute "prevents everyone from defending themselves while in a vehicle, a core fundamental right protected by the federal and

state constitutions."[3] However, defendant fails to present to this Court a clear, direct position challenging the validity of MCL 750.227(2), which states:

> A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, *without a license to carry the pistol as provided by law and if licensed*, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license. (Emphasis added.)

Michigan's CCW statute specifically affords Michigan citizens the right to carry a concealed pistol, provided that the owner and pistol are properly licensed. *Id.* One intended consequence of this licensing requirement is "to prevent the possibility that quarrelling persons would suddenly draw a hidden weapon without notice to the other persons." *People v DeLeon*, 177 Mich App 306, 308; 441 NW2d 85 (1989). Contrary to defendant's assertion, this intended consequence derives not from an absolute prohibition of firearms, but the right of an individual to carry a firearm if properly licensed. See *People v Nimeth*, 236 Mich App 616, 623; 601 NW2d 393 (1999) (finding the plain meaning of MCL 750.227 to serve as fair notice of the type of conduct prohibited). Also contrary to defendant's argument, the CCW statute does not "prevent everyone from defending themselves while in a vehicle." As noted, one who is properly licensed may carry a pistol inside a motor vehicle. Furthermore, it is not settled that carrying a pistol inside the passenger compartment of a vehicle is "a core fundamental right protected by the federal and state constitutions," as defendant asserts.

Further, defendant cannot argue without authority that carrying a pistol, or firearm, in a vehicle for self-defense is alone a sufficient basis for this Court to issue a decision that MCL 750.227(2) is facially unconstitutional. The burden is on defendant to properly address and support this type of claim with legal authority; such cursory treatment of this issue falls short of what is an acceptable presentation before this Court, and signifies abandonment of this issue. *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). Thus, defendant's challenge of Michigan's CCW statute fails.

Affirmed.

/s/ Michael F. Gadola
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien

---

[3] Defendant argues that MCL 750.227 is facially unconstitutional. MCL 750.227(1) addresses dangerous weapons, such as daggers, dirks, stilettos, and double-edged nonfolding stabbing instruments, while MCL 750.227(2) focuses solely on pistols. Although unclear, defendant's arguments regarding MCL 750.227 appear to focus on subsection two alone, which forbids the unlicensed carrying of a concealed pistol.